IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RANDALL L. LOCKHART**,

        **Petitioner**,

v.                                                        **Civil Action No. 3:08cv174**
                                                                                  **(Judge Bailey)**

**KUMA DEBOO, Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case on December 1, 2008, by filing a § 2241 Habeas Corpus Petition. The petitioner is currently serving a 120-month federal sentence imposed in the United States District Court for the Southern District of West Virginia. Petition at 2. In the petition, the petitioner challenges the computation of his sentence by the Bureau of Prisons ("BOP").

### I.   Factual and Procedural History

According to the pleadings, the petitioner was arrested by West Virginia State Authorities on March 28, 2004. Dckt. 8 at Ex. 1 at ¶ 6A (hereinafter Resp't Ex. 1). As a result, on July 9, 2004, the petitioner was sentenced to an indeterminate sentence of 1 to 10 years by the state court. *Id*. at ¶ 6 B.

On August 25, 2004, the petitioner was indicted for being a felon in possession of a firearm in the United States District Court for the Southern District of West Virginia. *Id*. at ¶ 6C. Two days later a Writ of Habeas Corpus Ad Prosequendum was issued by the district court for the production of the petitioner to answer his federal charges. Resp't Ex. 1 at Att. D. Accordingly, the United States Marshal Service removed the petitioner from the North Central Regional Jail on September

9, 2004. He was later returned on September 20, 2004, upon satisfaction of the writ. *Id.* at Att. E.

The petitioner was removed from the North Central Regional Jail again on February 7, 2005, pursuant to writ. *Id.* The petitioner eventually pleaded guilty to the federal indictment on April 25, 2005, *id.* at Att. F, and the petitioner received a 120-month federal sentence on July 18, 2005. Resp't Ex. 1 at ¶ 6H. The petitioner's federal sentence is silent as to the relationship between his state and federal sentences. Resp't Ex. 1 at Att. A. The petitioner was thereafter returned to the North Central Regional Jail on July 29, 2005, for service of his state sentence. *Id.* at Att. E.

On September 9, 2005, the petitioner pleaded guilty in state court to First Degree Arson. *Id.* at Att. G. Pursuant to his plea, the petitioner was sentenced on April 24, 2006, to a seven-year term of imprisonment to run current to his federal sentence. *Id.* at Att. G.

The petitioner was paroled from his original state sentence on October 25, 2005, *id.* at Att. G, and an Order was entered on April 24, 2006, directing the West Virginia Division of Corrections to release the petitioner to his federal detainer. Resp't Ex. 1 at ¶ 6M. The petitioner was taken into custody of the BOP and his sentence was computed as commencing on October 25, 2005, the date he was paroled from his original state sentence. *Id.*

According to the respondent, the petitioner has been granted 75 days of prior custody on his federal sentence for the time period between September 9, 2002, and September 20, 2002; January 12, 2004 through January 13, 2004; and March 28, 2004 through May 27, 2004. *Id.* at Att. H. The petitioner's current projected release date is April 27, 2014. *Id.*

## II. Contentions of the Parties

**A. The Petition**

In the petition, the petitioner asserts that the federal sentencing judge failed to give him prior

custody credit for "the time served since March 28, 2004, to present." Dckt. 1 at 3. In support of this claim, the petitioner asserts that he was arrested on March 28, 2004 on his current charge, which "started out as a state charge [and] then was split to make a state and federal charge." *Id.* The petitioner asserts that he has been serving time on both of these related charges since March 28, 2004, and that he is entitled to credit on his federal sentence for this time. *Id.* The petitioner further asserts that he has exhausted his administrative remedies with regard to this claim. *Id.*

**B. The Respondent's Response**

In response to the petition, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Dckt. 7. In support of that motion, the respondent asserts that the petitioner's federal sentence is consecutive to his original state sentence, the petitioner's federal sentence commenced on October 25, 2005, and the petitioner is not entitled to additional credit on his federal sentence for the time in question. Dckt. 8 at 4-6.

More specifically, the respondent asserts that pursuant to 18 U.S.C. § 3584(a), the petitioner's federal sentence is consecutive to his original state sentence because his federal sentence does not specifically state whether it is concurrent or consecutive to the petitioner's state sentence. *Id.* at 4. Additionally, the respondent asserts that pursuant to 18 U.S.C. § 3585(a), a term of imprisonment does not commence until the date on which the defendant is taken into custody for service of the sentence. *Id.* Thus, because the petitioner was not taken into custody on his federal sentence until October 25, 2005, the sentence cannot commence before that date. *Id.* Finally, the respondent asserts that pursuant to 18 U.S.C. § 3585(b), the petitioner is not entitled to more than the 75 days of prior custody credit already granted because the petitioner received credit for that time on another sentence and to also award credit for that time on his federal sentence would

3

constitute an impermissible award of double credit. *Id.* at 5-6.

## C. The Petitioner's Reply

In his reply, the petitioner reiterates his claim that his prior custody credit has been miscalculated by the BOP. Dckt. 11, Att. 1 at 1. In particular, the petitioner points to time spent in federal custody at the Carter County Kentucky Detention Center. *Id.* In addition, the petitioner asserts that he was first arrested on September 9, 2002, for First Degree Arson and Felon in Possession of a Firearm. *Id.* at 3. The petitioner asserts that he was then taken to North Central Regional Jail where he made bond on September 20, 2002. *Id.* The petitioner asserts that he then "skipped out" on bond and was a fugitive until he was arrested on January 12, 2004, for using a false ID. *Id.* The petitioner asserts that he was again released on bond on January 13, 2004, and continued to be a fugitive until his arrest on March 28, 2004, when he "gave himself up to police" at the Potomac Highlands Regional Jail.[1] *Id.*

Moreover, the petitioner notes that the arson and felon in possession charges happened years prior to the Taylor County uttering charge that resulted in his 1-10 year sentence. *Id.* at 4. Further, the petitioner asserts that his Taylor County sentence commenced on March 28, 2004. *Id.* The petitioner asserts that even though that sentence commenced on March 28th, he was never received by any West Virginia prison for service of that sentence. *Id.* Instead, the petitioner alleges that he was immediately indicted by the federal government on firearm charges. *Id.*

The petitioner then questions the declaration of James E. Hazelton, provided by the respondent, and the accuracy of the BOP's records. *Id.* at 4-9. The petitioner gives specific examples of what he believes are contradictions or inaccuracies between Mr. Hazelton's statement

---

[1] The petitioner asserts that he was arrested on March 28, 2004, on the arson and felon in possession charges that originated on September 20, 2002. Dckt. 11, Att. 1 at 4.

and the BOP's records, and expresses his disagreement with both. *Id.*

Finally, the petitioner states that the only reason his federal sentence is silent as to whether his federal sentence is concurrent or consecutive to his state sentence is because the Court was unaware of his state sentence. *Id.* at 9. The petitioner asserts that this was due to ineffective assistance of counsel, and concedes that he has already applied for relief under 28 U.S.C. § 2255 with the sentencing court. *Id.* at 9-10.

For these reasons, the petitioner asserts that his federal sentence has been inappropriately deemed to have commenced on October 25, 2005 and he is entitled to credit on his federal sentence for the additional time sought. *Id.* at 10.

### III. Analysis

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General).    In this case, the petitioner argues that the BOP has failed to award him the appropriate amount of pre-sentence custody credit. Specifically, the petitioner alleges that he is entitled to credit for the time spent in the custody of the USMS while out on writ from this state sentence. Because the petitioner's federal sentence was imposed after November 1, 1987, prior custody credit is governed by 18 U.S.C. § 3585.

A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the
> sentence was imposed; or

5

> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

As verified in the petitioner's underlying criminal case, he was originally arrested on September 9, 2002, on arson and gun charges arising out of incidents occurring in Taylor County, West Virginia. See United States v. Lockhart, 6:04cr164 (S.D.W.Va. Jan. 30, 2008) Dckt No. 104 (Proposed Findings and Recommendation) at 3; see also Resp't Ex. 1 at Att. I. The petitioner was bonded out on September 20, 2002. Resp't Ex. 1 at Att. I. The petitioner was later arrested by Taylor County officials on January 12, 2004, for Marijuana/DUI. *Id.* The petitioner bonded out on January 13, 2004. *Id.*

On March 28, 2004, the petitioner was taken into custody at the North Central Regional Jail ("NCRJ"). *Id.* He was later transferred to the South Central Regional Jail on April 2, 2004, pursuant to a March 31, 2004 arrest by the Wirt County Sheriff's Office on charges of Uttering, Meth and Forgery. *Id.*

On July 9, 2004, the petitioner received an indeterminate 1 to 10 year sentence in Taylor County for Uttering. *Id.*

On August 24, 2004, the petitioner was indicted by the United States District Court for the Southern District of West Virginia of being a felon in possession of a firearm. See United States v. Lockhart, *supra* at dckt. 1.

On August 27, 2004, the Southern District of West Virginia issued a Writ of Habeas Corpus Ad Prosequendum. *Id.* at 4. Pursuant to that writ, the petitioner appeared for his initial appearance and arraignment before the Southern District on September 9, 2004. *Id.* at dckt. 10 and 11.

The petitioner was returned to the NCRJ on September 20, 2004. Resp't Ex. 1 at Att. I.

On February 4, 2005, the Southern District issued another Writ of Habeas Corpus Ad Prosequendum. United States v. Lockhart, supra at dckt. 29. Pursuant to that writ, the petitioner was removed from the NCRJ by federal officials on February 7, 2005. Resp't Ex. 1 at Att. I.

On April 25, 2005, the petitioner entered a guilty plea in the Southern District of West Virginia. United States v. Lockhart, *supra* at dckt. 50-54. Pursuant to that agreement, the petitioner was sentenced on July 18, 2005, to 120-months imprisonment on his federal charges. *Id.* at 59. A Judgment and Commitment Order was entered on July 22, 2005. *Id.* at 60, see also Resp't Ex. 1 at Att. A. The petitioner was returned to the NCRJ for service of his state sentence on July 29, 2005. Resp't Ex. 1, Att. A at Section III.

On October 25, 2005, the petitioner was paroled from his indeterminate 1-10 year Taylor County sentence. Resp't Ex. 1 at ¶ 6L; Ex. 1 at Att. I. Although there was a federal detainer pending at that time, the petitioner was never transferred to the custody of the United States for service of his federal sentence. Resp't Ex. 1 at Att. G. (Southern District of West Virginia's Order Directing Petitioner's Release from the West Virginia Division of Corrections). Instead, the petitioner remained in state custody serving a seven-year state sentence for arson that the petitioner received on September 9, 2005. See *id.*; see also Resp't Ex. 1 at ¶ J. Accordingly, on April 4, 2006, upon motion by the defendant, the Southern District of West Virginia issued an Order directing the West Virginia Division of Corrections to transfer the petitioner to the custody of the BOP for service of his federal sentence. Resp't Ex. G. at 2-3. Moreover, the BOP was directed to commence service of the petitioner's sentence as of October 25, 2005, the day the petitioner was paroled from his Taylor County sentence, and the date he should have been transferred to federal custody. *Id.* at 3.

Based on this procedural background, it is clear that after July 9, 2004, the petitioner was

7

serving his indeterminate 1-10 year sentence for Uttering. Moreover, each and every time the petitioner was brought to federal court to answer his federal charges, he was brought forward pursuant to a Writ of Habeas Corpus Ad Prosequendum. Thus, during his federal proceedings, the petitioner was being "borrowed" from state custody and the state of West Virginia retained primary custody over the petitioner during those times. See United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998) ( a writ of habeas corpus ad prosequendum demands an inmate be produced to face criminal charges, but does not effect a transfer of custody); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980) (same). Moreover, the petitioner was given credit on his state sentence during that time. See Resp't Ex. 1 at ¶ 6S; Att. I. Accordingly, pursuant to 18 U.S.C. § 3585(b), the petitioner is not entitled to credit on his federal sentence for that same time.

In addition, the Circuit Court of Taylor County gave petitioner prior custody credit for the time spent in custody from May 28, 2004 through July 9, 2004. See Resp't Ex. 1, Att. C at 4. Consequently, § 3585(b) also precludes credit for that time on the petitioner's federal sentence.

The only time not credited to the petitioner's state sentence was the time period spent in custody from September 9, 2002 through September 20, 2002; January 12, 2004 through January 13, 2004; and March 28, 2004 through May 28, 2004. This time has therefore been properly credited to the petitioner's sentence. See Resp't Ex. 1 at ¶ 6P.

Finally, 18 U.S.C. § 3585(a) provides that a sentence commences on the date a defendant is received into custody. Thus, the BOP has properly commenced the petitioner's sentence on October 25, 2005, in accordance with the Order of the Southern District of West Virginia.

For all of these reasons, the petitioner has been awarded all the credit to which he is entitled

and his sentence has been properly calculated.[2]

## IV. Recommendation

Because the petitioner's sentence has been properly computed, it is recommended that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 7) be **GRANTED** and the petitioner's § 2241 habeas petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

---

[2] It is undisputed that the BOP has properly found that the petitioner's federal sentence runs consecutive to his original indeterminate 1-10 year Taylor County sentence. The Judgment and Commitment Order in the petitioner's federal case is silent as to its relationship with the petitioner's state sentence. Therefore, pursuant to 18 U.S.C. § 3584(a), the federal sentence is presumed to run consecutive to the petitioner's state sentence. The petitioner argues that this situation was made possible because he had ineffective assistance of counsel during his federal sentencing proceedings. That issue, however, is not proper before this Court under § 2241. Whether counsel was ineffective at sentencing is an issue the petitioner should have raised during his § 2255 proceedings in the sentencing court. The fact that the petitioner did not raise this issue at that time, and his now precluded from doing so, does not entitle the petitioner to review of that claim in this Court under § 2241. See In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

docket, and to counsel of record via electronic means.

DATED: April 21, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE