**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**RANDALL L. LOCKHART**,

        Petitioner,

    v.                                                     **Civil Action No. 3:08-cv-174
(BAILEY)**

**KUMA J. DEBOO, Warden**,

        Respondent.

**ORDER OVERRULING OBJECTIONS TO THE REPORT AND RECOMMENDATION
AND ADOPTING REPORT AND RECOMMENDATION**

This case is pending before this Court on the Opinion/Report and Recommendation (hereinafter "R&R") filed by Magistrate Judge John S. Kaull [Doc. 14] and the Petitioner's Objections to Report and Recommendation [Doc. 16] regarding petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. After reviewing the R&R, the record, and the arguments of the parties, the Court finds that petitioner's objections to the R&R should be **OVERRULED**, the R&R should be **ADOPTED**, and petitioner's Application under § 2241 should be **DENIED**.

**BACKGROUND**

Petitioner, Randall L. Lockhart, is a federal inmate currently designated by the Federal Bureau of Prisons (BOP) to FCI Gilmer. He is serving a 120- month term of imprisonment for Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (See [Doc. 8-2], Declaration of James E. Hazelton, ¶¶ 3-4; [Doc. 8-2] Judgment in Criminal Case No. 6:04-CR-00164, at 5-10). On December 1, 2008, petitioner

1

filed a § 2241 seeking prior custody credit for the time period of March 28, 2004, to the present. [Doc. 1]. In support of his claim, the petitioner asserts that he was arrested on March 28, 2004 on his current federal charge, which "started out as a state charge [and] then was split to make a state and federal charge." Id. Petitioner asserts that he has been serving time on both related charges since March 28, 2004, and that he is, therefore, entitled to credit on his federal sentence from March 28, 2004 to the present. Id. Petitioner further asserts that he has exhausted his administrative remedies with regard to his claim. Id. The facts relevant to calculating petitioner's prior custody credit are as follows:

On March 28, 2004, Petitioner was arrested by West Virginia state authorities. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6A; [Doc. 8-2] West Virginia Booking Summary, at 11). Petitioner was sentenced in state court on July 9, 2004, to a an indeterminate sentence of 1 to 10 years. (Id. ¶ 6B; Plea Order, Case No. 04-F-32, at 12-15).

On August 25, 2004, Petitioner was indicted in the United States District Court for the Southern District of West Virginia for Felon in Possession of a Firearm. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6C; 5-10). On August 27, 2004, a Writ of Habeas Corpus ad Prosequendum was issued for the production of Petitioner in United States District Court. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6D; Writ of Habeas Corpus ad Prosequendum, Case No. 6:04-00164, at 16-17). Petitioner was removed from the North Central Regional Jail on September 9, 2004, by the U.S. Marshals Service. He was subsequently returned to North Central Regional Jail on September 20, 2004, in satisfaction of the writ. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6E; U.S. Marshals Service Form 129, at 18-19).

On February 7, 2005, Petitioner was again removed from the North Central Regional

Jail pursuant to a writ by the U.S. Marshals Service. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6F; U.S. Marshals Service Form 129, at 18-19). On April 25, 2005, Petitioner pled guilty to the federal indictment. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6G; Written Plea of Guilty, Case No. 6:04-cr-00164, at 20). On July 18, 2005, Petitioner was sentenced in federal court to a 120-month term of imprisonment. The Court was silent as to the relationship between his federal and state sentences. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6H; Judgment in Criminal Case 6:04-cr-164, at 5-10). Petitioner was returned to the North Central Regional Jail on July 29, 2005, in satisfaction of the writ. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6L; U.S. Marshals Service Form 129, at 17-18).

On September 9, 2005, while still serving his original state sentence, Petitioner pled guilty in state court to First Degree Arson, Case No. 03-F-76. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6F; Court Order dated April 24, 2006, at 21-23). Petitioner was sentenced to a seven year term of imprisonment, ordered to run concurrently with his federal sentence. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6K; Court Order dated April 24, 2006, at 21-23).

On October 25, 2005, Petitioner was paroled from his original state sentence. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6L; Court Order dated April 24, 2006, at 21-23). On April 24, 2006, an order was entered directing the West Virginia Department of Corrections to release Petitioner to a U.S. Marshals Service detainer. Additionally, Petitioner's federal sentence was ordered to commence on October 25, 2005, the date Petitioner was paroled from his original state sentence. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6M; Court Order dated April 24, 2006, at 21-23).

The BOP prepared Petitioner's sentence computation in accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA) of 1984, 18 U.S.C. § 3584(a), and 18 U.S.C. § 3585(a). Petitioner's federal sentence was deemed to have commenced October 25, 2005. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6O; Sentence Monitoring Computation Data, at 24-25). Currently, petitioner has been granted 75 days of prior custody credit for the time period of:

September 9, 2002, through September 20, 2002;

January 12, 2004, through January 13, 2004; and

March 28, 2004, through May 27, 2004

Petitioner was granted prior custody credit for these periods as this time was not credited against any other sentence. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6P Sentence Monitoring Computation Data, at 24-25; Memorandum to the File dated July 18, 2006, 26-27). Petitioner's current projected release date, the date on which he will complete serving his federal sentence with consideration for good conduct time, is April 27, 2014. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6Q; Sentence Monitoring Computation Data, at 24-25).

On January 14, 2009, the respondent filed a Motion to Dismiss or in the Alternative for Summary Judgment. [Docs. 7, 8]. In the Motion, respondent argued that petitioner's § 2241 should be dismissed as his prior custody credit was properly computed by the B.O.P. because: petitioner's federal sentence is consecutive to his original state sentence; petitioner's federal sentence commenced on October 25, 2005; and the petitioner is not entitled to additional credit on his federal sentence for the time credited toward his state sentence. ([Doc. 8] at 4-6).

On January 22, 22009, petitioner filed a response to respondent's motion. [Doc. 11].

4

In his response petitioner reasserted that his prior custody credit has been miscalculated by the BOP. (Id.) Specifically, petitioner points to time spent in federal custody at the Carter County Kentucky Detention Center. (Id.) Petitioner also asserts the following: he was first arrested on September 9, 2002, for First Degree Arson and Felon in Possession of a Firearm. (Id. at 3). After which, he was then taken to North Central Regional Jail where he was released on bond on September 20, 2002. (Id.) After being released on bond, petitioner claims that he "skipped out" on bond and was a fugitive until he was arrested on January 12, 2004, for using a false ID. ([Doc. 11] at 3). Petitioner was again released on bond on January 13, 2004, and continued to be a fugitive until his arrest on March 28, 2004, when he "gave himself up to police" at the Potomac Highlands Regional Jail. (Id.)

Petitioner also argues the arson and felon in possession charges happened years prior to the Taylor County uttering charge, which resulted in his 1-10 year sentence. (Id. at 4.) Further, the petitioner states his Taylor County sentence commenced on March 28, 2004, but that he was never received by a West Virginia prison for service of that sentence. (Id.) Petitioner alleges, instead, that he was immediately indicted on federal firearm charges. ([Doc. 11] at 4). Petitioner also takes issue with the declaration of James E. Hazelton and the accuracy of the BOP's records. (Id. at 4-9).

Finally, petitioner argues the only reason his federal sentence is silent as to whether his federal sentence is concurrent or consecutive to his state sentence is because the Court was unaware of his state sentence due to ineffective assistance of counsel. (Id. at 9). Petitioner, however, concedes he has already applied for relief under 28 U.S.C. § 2255 with the sentencing court. (Id. at 9-10).

5

**PETITIONER'S OBJECTIONS**

On May 4, 2009, petitioner filed objections to the Magistrate Judge's Report and Recommendation. [Doc.16]. Petitioner objected to the R&R on four grounds. The Court will address each objection in turn:

1. Petitioner argues that he is owed prior custody credit for the period of: March 3, 2005, to July 29, 2005. Petitioner argues that he was housed in the Eastern District of Kentucky under contract with the federal government beginning March 3, 2005, and was not returned to the "custody of the state of West Virginia for the resumption of his state sentence" until July 29, 2005.

This Court finds that petitioner was removed from state custody on a writ in February of 2005, and held by the United States Marshals Service until after his sentencing in July of 2005. Although petitioner was in the custody of the federal Marshals during that period and as he argues "was held in a federal facility" he is not due prior custody credit on his federal sentence for that time period. As set more fully in the R&R, when an individual is taken into the custody of the federal Marshals pursuant to a Writ of Habeas Corpus Ad Prosequendum, it is not a *transfer* of custody. Instead, that individual is merely being "borrowed" from state custody and the state retains primary custody over the individual during those times. *See* **United States v. Evans**, 159 F.3d 908, 911 (4th Cir. 1998) ( a writ of habeas corpus ad prosequendum demands an inmate be produced to face criminal charges, but does not effect a transfer of custody); *see also* **Causey v. Civiletti**, 621 F.2d 691 (5th Cir. 1980) (same). As such, petitioner, although housed in a federal facility, was never transferred to federal custody and is not due prior custody credit for that period.

Additionally, petitioner was given credit on his state sentence during the period from

February to July of 2005. ([Doc. 8-2] Declaration of James E. Hazelton, ¶ 6S). Pursuant to 18 U.S.C. § 3585(b), therefore, petitioner is not entitled to credit on his federal sentence for that same time. Petitioner's first objection is accordingly **OVERRULED**.

2. Petitioner seems to object on the grounds that 'because he was out on a writ to answer federal charges in May of 2005, and had he not been out on a writ may have gone before the state parole board and been released,' that he should be granted prior custody credit for the period from March 3, 2005 to July 29, 2005. This objection fails for the same reasons petitioner's first objection fails: he remained in the primary custody of the state during that period, and was granted time toward his state sentence for that period. Petitioner's claim that he could possibly have appeared before the parole board prior to October 25, 2005, and thereby started serving his federal sentence at an earlier time is merely speculation–and even were it not speculation–it would not change the Court's analysis of the prior custody credit due petitioner. Petitioner's second objection is accordingly **OVERRULED**.

3. Petitioner also objects to the R&R on the grounds that he need not be admitted to a federal facility in order for the B.O.P. to give him custody credit (i.e. the B.O.P. could grant petitioner prior custody credit for time served in a state facility); and argues that 18 U.S.C. § 3585 (b) mandates that prior custody credit be given an inmate where that individual was officially detained and that time "has not been credited against another sentence." Petitioner goes on to make the distinction that the statute does not say "and that will never be credited against another sentence."

Petitioner's distinction is one without a difference. Petitioner has been granted prior custody credit from September 9, 2002, through September 20, 2002; January 12, 2004,

through January 13, 2004; and March 28, 2004, through May 27, 2004. These periods collectively represent the time during which petitioner was in custody and was not receiving credit toward his state sentence. Under 18 U.S.C. § 3585 (b) that is all the prior custody time petitioner is entitled to.

To the extent that petitioner is objecting on the grounds that he is entitled to prior custody credit for time served during his state sentence, petitioner is also mistaken. It is undisputed that petitioner's federal sentence runs consecutive to his state sentence. Petitioner cannot, therefore, be granted 'credit' for his state sentence. The only 'credit' petitioner is entitled to is the time served *prior to October 25, 2005*, and *not credited toward his state sentence* because that time is effectively time petitioner was detained by the *federal government* prior to his sentence commencing. Time that petitioner was in the custody of the Marshals, but would otherwise have been in the custody of the state, does not constitute a 'detention' by the federal government because petitioner remains in the primary custody of the state. Petitioner's third objection is accordingly **OVERRULED**.

4. Finally, petitioner objects to the Magistrate Judge's finding that petitioner's arguments regarding ineffective assistance of counsel were improperly brought under § 2241. Petitioner cites to a number of cases arguing they "imply that issues which affect a prisoner's term are fundamental issues of LIBERTY that fall within [the Court's] jurisdiction under 28 U.S.C. § 2241." (emphasis in original).

In his response, petitioner argued that his federal sentence was not ordered to run concurrent with his state sentence due to ineffective assistance of counsel during the federal sentencing proceedings. That issue, however, is not properly before this Court under § 2241 and petitioner's objection does not change the matter. Whether counsel was

8

ineffective at sentencing is an issue the petitioner should have raised in his previously filed § 2255. The fact that the petitioner did not raise the issue at that time, and his now precluded from doing so, does not entitle the petitioner to review of that claim in this Court under § 2241. See *In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Petitioner previously filed a § 2255 which was denied by the Court, and petitioner fails to meet the requirements of the § 2255 savings clause because he cannot show that his §2255 motion was "inadequate and ineffective to test the legality of [his] conviction." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). A petitioner must meet three requirements before the savings clause is satisfied:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34. Here, it is clear that petitioner cannot meet the requirements of the § 2255 savings clause because violations of 18 U.S.C. § 922(g)(1) and § 924(a)(2) are still a criminal offense. He has not, therefore, shown that a § 2255 is an inadequate or ineffective remedy and any claim of ineffective assistance of counsel is not properly before this Court under § 2241. Petitioner's fourth objection is accordingly **OVERRULED**.

## **CONCLUSION**

For the reasons stated above and more fully set out in the Magistrate Judge's Opinion/Report and Recommendation:

1. The Magistrate Judge's Opinion/Report and Recommendation [Doc. 14] is **AFFIRMED** and **ADOPTED** as it recommends respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 7] be **GRANTED**, and petitioner's § 2241 petition [Doc. 1] be denied and dismissed with prejudice.

2. Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 7] is hereby **GRANTED**.

3. Petitioner's § 2241 [Doc. 1] is hereby **DENIED** and **DISMISSED with prejudice** and is **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: May 5, 2009

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE